PUERTO RICO AUTO CORPORATION, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 1118. Submitted January 30, 1943 —Decided February 24, 1943.

*Hugh R. Francis* for appellant.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The Puerto Rico Auto Corporation, domiciled in the city of San Juan, in guaranty of a promissory note for the sum of $164,614.05 which it had executed in favor of the Reconstruction Finance Corporation, granted a mortgage on several automobiles and trucks belonging to it and located in the municipalities of San Juan, Río Piedras, and Toa Baja. It recorded the mortgage in the First Section of the Registry of Property of San Juan, paying the corresponding fees on the basis of the total amount of the mortgage, because the responsibility had not been apportioned among the several properties mortgaged. It then asked for the recording of the mortgage in the Second Section of the Registry of San Juan, without the payment of fees, alleging in support thereof that it was not required to do so for a second time, and the registrar refused and suspended the recording on the basis of the following note:

"1st. Because according to the provisions §4 of Act No. 19, approved June 3, 1927, chattel mortgages shall be recorded in the district of the residence of the mortgagee at the time it is granted; and shall also be recorded in the district wherein the property is situated, if located in a different district, which is not the case here, as appears from the document itself, which shows that the mortgaged property is situated in the municipalities of San Juan, Río Piedras, and Toa Baja, which municipalities are located in this same judicial district; and said mortgage having already been recorded in the First Section of this Registry of Property, as appears from the note placed in the margin of the copy of the document presented and from the document attached thereto, the double recording prayed for is denied.

"2d. Because in the event that the recording prayed for may also be made in this Second Section of the Registry of Property of San Juan, then the petitioner must deposit Internal Revenue stamps in the sum of $411.75 in accordance with the provisions of §16 of the above-mentioned act, said sum nor any part thereof having been deposited, in spite of the fact that it was demanded in payment of the services to be rendered by the Registry of Property, Second Section."

■■ Appellant does not argue the first reason given by the registrar, and as to the second, he holds that it is contrary to what was decided in the case of *Baetjer* v. *Registrar*, 57 P.R.R. 170; and as a consequence thereof, prays that the note be reversed. As a basis for the first reason given by him, the registrar argues that the Legislature in using the word "district" in §4 of Act No. 19, approved June 3. 1927, (Laws of 1927, p. 490), refers to the judicial district and not to the mortgage district or territorial demarcation of each registry. Said section reads as follows:

"A personal-property mortgage shall not be valid against any person except the mortgagor, his heirs, legatees, executors or administrators, unless the mortgage is recorded in the registry of property of the district in which the mortgagor resides at the time of making the same, or if he resides outside of Porto Rico, in the district in which the property is situated; *Provided, however,* That if the property is situated in a different district from that in which the mortgagor resides, the mortgage shall be recorded in the registry of property of both the district in which the mortgagor resides and that *in which the property is situated."* (Italics ours.)

The registrar holds that neither the Mortgage Law nor its Regulations designate as "district" the territory covered by each one of the registries, and furthermore, that §14 of the Act of 1927 entitled "The Personal Property Mortgage Law", dealing with the foreclosure of this type of mortgages, provides that the mortgaged property shall be sold at public auction "by the marshal of the district where the said mortgagor resides, or where the property is situated."

We can not agree with the registrar's conclusion. Section 14 provides the legal procedure for the foreclosure of these special mortgages, and the law refers, of course, to the marshal of the corresponding judicial districts. The problem in regard to the registry wherein the recording of the mortgage itself shall be made is something different and independent.

The facts in the case at bar show that the registrar's interpretation is incorrect. Should we accept it as correct, in which registry, besides that wherein the debtor is domiciled is the mortgage to be recorded, when the judicial district wherein the property is situated is different from that in which the debtor is domiciled, and at the same time, no registry of property is located within the limits of said judicial district? Record thereof could not be had and, therefore, the provisions of §4 *supra* could not be complied with. And this is the procedure that should be followed in regard to the property of appellant, which is located in the Municipality of Toa Baja, which does not form part of the judicial district of San Juan, as the registrar erroneously states in his note, but forms part of the judicial district of Bayamón, where no registry of property whatsoever exists, since all its municipalities are assigned to the Second Section of the Registry of Property of San Juan.

The example given by the registrar of property located in San Juan and in Ponce, offers no difficulty, because in both districts there exist registries of property, but when a case arises such as the case at bar, the legislative intent may be seen. Another example will show this even more clearly: Within the limits of the judicial district there exist two registries of property, such as is the case in the judicial district of Mayagüez, which has a registry in its name and another one at San Germán. If a debtor residing at Ponce mortgages personal property situated in the town of Añasco, within the judicial district of Mayagüez, in which registry shall he record the mortgage, in that of San Germán or in that of Mayagüez? It seems to us that it was not the intention of the Legislature to allow the debtor a choice in this case of selecting the registry at will, and in the other one to find that there does not exist any registry where he may record the mortgage.

The logical and reasonable interpretation is that the word "district" used in §4 of Act No. 19 of 1927, *supra*, refers to

the territorial demarcations of the registries and not to the judicial districts. The municipality of Toa Baja being located within the territorial demarcation of the Second Section of the Registry of Property of San Juan, the recording of the mortgage must be made in said registry. Must appellant pay again the fees demanded by the registrar when it had already paid them upon recording the mortgage in the First Section of the Registry of Property of San Juan? Is the case of *Baetjer* v. *Registrar*, 57 P.R.R. 170, applicable to the case at bar? Let us examine it. In said case it was held, as it appears from the syllabus, that:

"After request has been made for the record of a deed of cancellation of a mortgage constituted on a property which is situated in four different registration districts, and after one of the registrars has collected fees to the same amount that would have been required if that part of the mortgaged property in his district had been separately mortgaged for the whole amount of the mortgage, another registrar, upon presentation of the said deed, can not demand and collect a like amount, thus compelling the mortgagor to pay four times what he would have been required to pay if he had apportioned the mortgage liability among the various parts of the property lying in different registration districts at the time of the execution of the mortgage had there been anything in the law at the time of said execution binding the mortgage creditors and debtors to make such an apportionment or stipulate therefor."

The registrar holds that the cited case is not applicable, because it dealt with real property consisting of several estates, and extending over the territory of two or more registries, but which forming one single unit, were considered one single estate, in accordance with §61 of the Regulations for the Execution of the Mortgage Law; while the case at bar deals with personal property (automobiles and trucks) which does not constitute a single unit.

We are of the opinion that the registrar is right. The principles of our Mortgage Law are not necessarily applicable in the interpretation of the special personal-property

mortgage law. This, that is, the chattel mortgage, has its source in the common law, and has as its only equivalent in the civil law the contract of pledge, while the Mortgage Law is a typically Spanish institution. The recording required by the Mortgage Law is different from that made under The Personal-Property Mortgage Law. The one made under the former is made in relation to estates previously recorded in the registry of property; under the latter it is made by virtue of a contract and what is recorded is the mortgage contract in the book provided by §15 of the act. It is similar to the recording of contracts of conditional sales of personal property, which must be recorded in the municipalities or in the Automobile Division of the Department of Interior in the case of conditional sales of automobiles.

Even if by analogy the principles of the Mortgage Law could be applied to chattel mortgage contracts, even then, the *Baetjer* case, *supra,* would not be applicable. That case dealt with the cancellation of a mortgage which encumbered an estate as an entity, situated in different registries. Since it dealt with an estate, the mortgage contract did not apportion the responsibility, because this is only required by the law when two or more estates are mortgaged. Article 119 of the Mortgage Law. There existed only one encumbrance, since the mortgage is indivisible. Article 122 of the same law. But since §23 of the Regulations provides that when an estate is situated "within the territory belonging to two or more registries, the record shall be made in each one of them, but including therein only that part of the estate which may be situated therein," upon the registrar collecting the fees provided by law for the cancellation of the entire mortgage and not of that part which encumbered the portion of the estate situated in his demarcation, a thing which he could not do because the law prevents it for the reason that the mortgage is not divisible, upon collecting the total amount of the fees, we repeat, it is evident that he col-

lected the part which the other registrar should have collected. In said case, the Registrar of Caguas only recorded the cancellation as to the part of the estate situated in his demarcation, and nevertheless, collected the fees which corresponded to the entire estate.

In the case at bar, appellant is not trying to record the contract in the Second Section of the Registry of Property of San Juan, as to the property located in Toa Baja, but is trying to record the entire contract. Section 4, *supra*, expressly provides "that if the property is situated in a different district from that in which the mortgagor resides, the mortgage shall be recorded in the registry of property of both the district in which the mortgagor resides and that in which the property is situated." The law requires two different and independent recordings and two different services to be rendered by the respective registrars, and §16 of the cited act providing that the registrar shall be entitled to receive the fees provided by said section "for services under the provisions of this law," said officer can not leave them uncollected without violating the duty imposed on him by the law, since even when the phrase "shall be entitled" is used, he is not endowed with discretion in the collection of the fees provided by the law. It can not be alleged that there exists a duplicity of fees because each registrar charges for a different service rendered by him under the provisions of the law, and the latter in fixing them, does not state that they shall be paid in only one of the registries.

For the second reason given by the registrar, the note appealed from is affirmed.